**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-11641

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MICHAEL CHRISTOPHER ROWSER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cr-00063-MHH-JHE-3

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Michael Christopher Rowser appeals his convictions and sentences for conspiracy to commit bribery, 18 U.S.C. §§ 201(b)(2)(C), 371 (Count One), and conspiracy to commit wire

and bank fraud, 18 U.S.C. §§ 1343-33, 1349 (Count Two). Rowser contends there was insufficient evidence for the jury to find him guilty of both charges because the Government did not present any direct evidence that he stole mail. Rowser also asserts the district court abused its discretion by imposing a substantively unreasonable sentence because it placed an improper amount of weight on a single factor. After review, we affirm Rowser's convictions and sentence.

## I. SUFFICIENCY OF EVIDENCE

As an initial matter, we review Rowser's sufficiency of the evidence challenge for plain error[1] because he makes a different sufficiency challenge on appeal than he presented to the district court. *See United States v. Jones*, 166 F.4th 92, 99 (11th Cir. 2026). Rowser argued before the district court the evidence was insufficient to convict him because he was not a public official and was incapable of performing an official action under the statute's meaning. In contrast, on appeal, Rowser contends the evidence was insufficient to convict him because there was no direct evidence that he stole mail and the jury was required to speculate that he had stolen mail.

---

[1] A plain error exists where "(1) there was an error, (2) the error was plain, . . ., (3) the error affected [the defendant's] substantial rights, [and] . . . (4) . . . the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jones*, 166 F.4th 92, 99-100 (11th Cir. 2026) (quotation marks, alterations and citations omitted).

The district court may enter a judgment of acquittal at the close of the Government's evidence or at the close of all evidence, either upon the defendant's motion or sua sponte, if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). We will uphold the district court's denial of a Rule 29 motion for a judgment of acquittal "if a reasonable trier of fact could conclude that the evidence establishe[d] the defendant's guilt beyond a reasonable doubt." *United States v. Beach*, 80 F.4th 1245, 1255 (11th Cir. 2023) (quotation marks omitted). "We will not overturn a jury's verdict if there is any reasonable construction of the evidence that would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* (quotation marks and alterations omitted).

When reviewing the denial of a motion for judgment of acquittal, we view all facts and inferences in the light most favorable to the government. *Id.* The evidence need not exclude every reasonable hypothesis of innocence for a reasonable jury to find guilt beyond a reasonable doubt, and the jury is free to choose among alternative, reasonable interpretations of the evidence. *Id.* at 1255–56. The test for sufficiency of evidence is the same regardless of whether the evidence is direct or circumstantial, with no distinction in the weight given to each. *United States v. Guevara*, 894 F.3d 1301, 1307 (11th Cir. 2018). But where the Government relies on circumstantial evidence, "reasonable inferences, not mere speculation, must support the conviction." *United States v. Estepa*, 998 F.3d 898, 908 (11th Cir. 2021).

4                    Opinion of the Court                    25-11641

Rowser has not shown the district court plainly erred in denying him a judgment of acquittal because there was no error and, even if there was, Rowser cites no on-point binding precedent showing any purported error was plain. First, viewing the facts and evidence in the light most favorable to the Government, the evidence was sufficient to allow a reasonable jury to find that a conspiracy existed to commit bribery, wire fraud, and bank fraud[2]

---

[2] Rowser was convicted in Count One with conspiracy to commit bribery, 18 U.S.C. §§ 201(b)(2)(C), 371. The elements for a conspiracy charge under 18 U.S.C. § 371 "are an agreement among two or more persons to achieve an unlawful objective; knowing and voluntary participation in the agreement; and the commission of an overt act by a conspirator in furtherance of the agreement." *United States v. Collins*, 854 F.3d 1324, 1328 (11th Cir. 2017). The elements for bribery under 18 U.S.C. § 201(b)(2)(C) are (1) being a public official; (2) corruptly seeking, accepting, or agreeing to receive or accept something of value; (3) in exchange for; (4) doing or omitting to do an action in violation of the official's official duty. *See* 18 U.S.C. § 201(b)(2)(C).

Rowser was convicted in Count Two with conspiracy to commit wire and bank fraud, 18 U.S.C. §§ 1343-33, 1349. The elements for conspiracy under 18 U.S.C. § 1349 are (1) the existence of a conspiracy; (2) the defendant's knowledge of the conspiracy; and (3) "the defendant, with knowledge, voluntarily joined it." *United States v. Watkins*, 42 F.4th 1278, 1285 (11th Cir. 2022). The elements for wire fraud under § 1343 are "(1) intentional participation in a scheme to defraud and (2) use of the interstate wires in furtherance of the scheme." *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003), *abrogated in part on other grounds by United States v. Svete*, 556 F.3d 1157 (11th Cir. 2019). The elements for bank fraud under 18 U.S.C. § 1344 are "that the defendant (1) engaged in a scheme or artifice to defraud, or made materially false statements or representations to obtain moneys, funds or credit from; (2) a federally insured financial institution; and (3) that the defendant acted knowingly." *United States v. De La Mata*, 266 F.3d 1275, 1298 (11th Cir. 2001).

through The Lucky Shop Telegram channel messages presented and Benjamin Carter's testimony about the fraud ring Joshua Rogers operated. *See Beach*, 80 F.4th at 1255. The messages showed the frequent sale of images of checks or physical stolen checks to fraudulently withdraw money using those checks, with the checks being obtained by paying a United States Postal Service (USPS) employee, which was additionally bolstered by Carter's testimony that Rogers operated check fraud rings. Second, it was reasonable for the jury to conclude that Rowser knew of the conspiracy and voluntarily joined it based on The Lucky Shop messages referring to "Mike" and "the carrier," with the references to the "carrier" bolstered by Carter's testimony that "carrier" referred to a USPS employee working in the check fraud ring. *See United States v. Williams*, 865 F.3d 1328, 1337 (11th Cir. 2017) ("We will reverse a conviction based on insufficient evidence only if no reasonable trier of fact could have found guilt beyond a reasonable doubt."). While Rowser argues that the jury needed to speculate to find he was the "Mike" and "carrier" being referred to, it was a reasonable inference based on the nature of the Telegram messages, specifically the messages about the inability to contact "Mike" during the time Rowser lacked access to his phone. *See Estepa*, 998 F.3d at 908.

It was also reasonable for the jury to find Rowser joined the conspiracy based on the numerous Cash App transactions with Rogers, as they often showed that Rowser and Rogers split amounts 50/50 and some of the transactions used the subject line "slips," which was used to refer to checks. *See Beach*, 80 F.4th at 1255. Rowser's testimony that the Cash App transactions were for

sports gambling not only could have been reasonably discounted by the jury, but it was also reasonable for the jury to take his statement as substantive evidence of the opposite—that the Cash App transactions reflected him receiving money for providing Rogers with checks he had stolen from the postal processing center. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995) (stating when a defendant takes the stand and testifies in his own defense, the jury may disbelieve his testimony, and the defendant's own statements "may be considered as *substantive evidence* of the defendant's guilt," and "a defendant [that] chooses to testify . . . runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true" (quotation marks omitted)).

Additionally, Special Agent Todd Vallari's testimony and the video evidence provided a reasonable basis for the jury to find that Rowser used his job at USPS to gain access to checks sent through the mail based on his behaviors on the job, specifically looking through windows on envelopes, feeling envelopes, opening mail, and going behind the processing equipment with mail. *See Beach¸* 80 F.4th at 1255-56. While Rowser argues the evidence was insufficient because there was no direct evidence he stole mail, the circumstantial evidence was sufficient to provide a reasonable basis for the jury to infer his guilt. *See United States v. Martin*, 803 F.3d 581, 588 (11th Cir. 2015) ("Because conspiracies are secretive by nature, the jury must often rely on inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." (quotation marks omitted)). For example, the jury could have reasonably inferred Rowser's consciousness of guilt from his fleeing

from the postal inspectors after they identified themselves. It could have also reasonably inferred guilt from Rowser's delay in returning to the Post Office, which could have provided him with the opportunity to dispose of any stolen mail he may have had on his person at that time. *See Estepa*, 998 F.3d at 908. The Government also presented sufficient evidence that Rowser, a public official as a USPS employee, conspired to violate his official duty, as reflected by the agreement he signed at the beginning of his USPS employment, in exchange for corruptly receiving money. *See Beach*, 80 F.4th at 1255.

Lastly, even if Rowser could show error, he has failed to present any on-point binding precedent holding that similar evidence was insufficient to support a conviction on either of the counts that would show the district court's purported error in denying his motion for a judgment of acquittal was plain. Rowser's analogy to *Jones* fails because Jones was charged with possession of a firearm during drug trafficking, which is significantly different than Rowser's charges of conspiracy to commit bribery and conspiracy to commit wire and bank fraud—making *Jones* inapposite to show that there was insufficient evidence to convict Rowser of the conspiracy charges. *See Jones*, 166 F.4th at 99-100. Further, in *Jones*, we held the district court did not err in denying a motion for a judgment of acquittal based on expert testimony, a single text exchange, and a single video, which significantly differs in quantity from the vast evidence that Rowser knew about, voluntarily joined, and received monetary benefits from the conspiracy. *Id.* at 100. Therefore, any purported error is not plain. *See United States v. Lejarde-*

*Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."). Accordingly, we affirm Rowser's convictions.

## II. REASONABLENESS OF SENTENCE

In reviewing the reasonableness of a sentence, we "will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was 'in the ballpark of permissible outcomes.'" *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015)). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quotations omitted). The party challenging the sentence bears the burden of proving that it is unreasonable based on the facts of the case and the § 3553(a) factors.[3] *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

---

[3] Section 3553(a)'s "overarching" instruction is that any sentence must be "sufficient, but not greater than necessary," to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). The factors as set out in § 3553(a) include the nature and circumstances of the offense, the

In determining its sentence, the district court must make an "individualized assessment" based on the facts of each case. *Gall v. United States*, 552 U.S. 38, 50 (2007). A district court's unjustified reliance on a single § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Grushko*, 50 F.4th 1, 19 (11th Cir. 2022). The district court must consider all relevant § 3553(a) factors, but "the weight given to each factor is committed to the sound discretion of the district court," which may greatly weigh one factor over the others. *Butler*, 39 F.4th at 1355.

Rowser has not shown his 70-month total imprisonment sentence is substantively unreasonable because the district court did not abuse its discretion in weighing the § 3553(a) sentencing factors and imposing a sentence below the Guidelines range and well below the statutory maximum. *See United States v. Sotelo*, 130 F.4th 1229, 1244 (11th Cir. 2025) (reviewing the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard). The district court's statement explaining its sentence and downward variance showed that it conducted an "individual-

---

personal history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, protection of the public from further crimes of the defendant, and providing the defendant with training, medical care, or correctional treatment. 18 U.S.C. § 3553(a)(1)–(2). The court must also consider the "kinds of sentences available," the applicable Guidelines range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to any of the defendant's victims. *Id*. § 3553(a)(3)–(7).

ized assessment" of Rowser and considered multiple factors in sentencing Rowser, including his youthfulness, the need to avoid unwarranted sentencing disparities, Rowser's unique role as a public employee, and his relative culpability to other co-conspirators. *See* 18 U.S.C. § 3553(a)(1), (2)(A), (6); *Gall*, 552 U.S. at 50. While Rowser argues the district court placed too much weight on sentencing him between two-co-conspirators, the district court's statement shows it weighed several relevant sentencing factors and did not rely on this single sentencing factor. *See Grushko*, 50 F.4th at 19. Moreover, the district court was within its discretion to place different amounts of weight on each factor as it saw fit. *See Butler*, 39 F.4th at 1355. Further, Rowser's 70-month imprisonment sentence is below the Guidelines range of 87 to 108 months' imprisonment, and well below the total aggregate statutory maximum of 300 months' imprisonment. *See United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (stating we ordinarily expect sentences within a defendant's Guidelines range to be reasonable); *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (stating another sign of reasonableness is that the sentence is well below the statutory maximum). Rowser has not met his burden to prove the district court's sentence was substantively unreasonable. *See Shabazz*, 887 F.3d at 1224. Accordingly, we affirm Rowser's sentence.

**AFFIRMED.**